UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER JOSEPH REGAN,

                                Appellant,                      3:20-cv-00846 (BKS)

v.

HENRY HON and MICHELE DOMRES-HON,

                                Appellees.
_____

**Appearances:**

*Appellant pro se:*
Walter Joseph Regan
Ithaca, NY 14851

*For Appellees:*
Edward Y. Crossmore
Crossmore Law Firm
115 West Green Street
Ithaca, NY 14850

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

       Debtor-Appellant Walter Joseph Regan ("Appellant") brings this appeal from a July 10, 2020 order (the "Contempt Order") of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in Adversary Proceeding No. 19-50006 holding him in civil contempt and assessing sanctions for violating the Bankruptcy Court's December 13, 2019 discovery order and for spoliation of evidence. (Dkt. No. 1). In a Memorandum-Decision and Order dated October 27, 2020, the Court denied Appellant's request for the appointment of counsel to represent him in this appeal. (Dkt. No. 26). That same day, the Court also issued a text

order denying Appellant's request for certification permitting him to immediately appeal the Contempt Order to the Second Circuit. (Dkt. No. 27). Presently before the Court are Appellant's motions to reconsider both of these orders. (Dkt. Nos. 30, 31).

## II. LEGAL STANDARD

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

## III. DISCUSSION

### A. Order Denying Appointment of Counsel

Appellant's request that the Court reconsider its decision not to appoint counsel for him in this appeal is denied. The appointment of counsel is within the "substantial discretion" of this Court, subject to the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

*Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203-04 (2d Cir. 2003). Mindful of Appellant's *pro se* status, the Court carefully considered each of the factors set forth in *Hodge* together with all of Appellant's arguments supporting his request, and exercised its discretion to determine that the appointment of counsel was not warranted. (Dkt. No. 26).

In his motion for reconsideration, Appellant points to no "intervening change of controlling law" or "new evidence" that would warrant reconsideration. *Zhu*, 41 F. Supp. 3d at 342. Appellant's motion primarily relies on allegations of misconduct by the Appellees and their counsel (including at his June 2019 deposition and otherwise), assertions regarding Appellees' prior (unsuccessful) efforts to seek Appellant's incarceration, quotes from Appellant's former counsel, and conclusory statements criticizing the Bankruptcy Court's fact-finding. (Dkt. No. 30). Many of Appellant's arguments repeat or rephrase those he has made previously, some are tangential to the limited questions before the Court on this appeal, and none suggest that there was a "clear error of law" or "manifest injustice" in the Court's discretionary decision not to appoint counsel to represent him. *Zhu*, 41 F. Supp. 3d at 342.[1]

Appellant alternatively asks the Court to accept his motion to reconsider as a "Notice of Appeal" of the Court's denial of his request for appointment of counsel. (Dkt. No. 30, at 1, 7). The Court will so construe his motion. However, the Court notes that "it is well-settled that interlocutory orders denying motions for appointment of counsel are non-final, and, generally, not immediately appealable" to the Second Circuit unless such orders are "closely linked to an appealable order." *Colman v. Goord*, 2 F. App'x 170, 171 (2d Cir. 2001); *see also* 28 U.S.C. §

---

[1] Appellant's new argument that he needs a skilled attorney to address issues regarding the "advocate-witness rule" and "lawyer as witness rule" does not justify reconsideration either. (Dkt. No. 30, at 2-3). To the extent Appellant intends to argue that these rules are relevant to alleged errors the Bankruptcy Court made with respect to the Contempt Order's factual findings, he is certainly free to do so, but Appellant's argument does not alter the Court's analysis set forth in its previous decision.

1292 (explaining the extent of the Second Circuit's jurisdiction over appeals from interlocutory orders). The Court's order denying Appellant's request for counsel is not linked to any other final, appealable order. While a district court may certify an immediate appeal of an interlocutory order under 28 U.S.C. § 1292(b), that is not warranted here because the order does not involve any "controlling question of law as to which there is substantial ground for difference of opinion" and from which an immediate appeal "may materially advance the ultimate termination of the litigation." *Id.* Therefore, the Court finds that any appeal is frivolous and an appeal of the order denying appointment of counsel is not taken in good faith. *See Winter v. Pinkins*, No. 14-cv-8817, 2017 WL 5496280, at *1, 2017 U.S. Dist. LEXIS 219081, at *3-4 (S.D.N.Y. April 13, 2017); 28 U.S.C. § 1915(a)(3) ("appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith").

    B. Order Denying Certification of Direct Appeal

Appellant's request for reconsideration of the Court's order denying certification allowing him to appeal the Contempt Order to the Second Circuit is also denied. In that order, the Court noted that was construing Appellant's designation of the record on appeal to the Second Circuit pursuant to Fed. R. Bankr. P. 8006 as a designation of the record on appeal to *this* Court pursuant to Fed. R. Bankr. P. 8009, and found that Appellant's submission complied with Fed. R. Bankr. P. 8009. (Dkt. No. 27).[2] The Court further stated that to the extent Appellant did, in fact, seek certification allowing him to appeal the Bankruptcy Court's order to the Second Circuit, that request was denied. (*Id.*). Appellant now contends that he *did* intend to seek

---

[2] The Court explained that "[a]lthough Appellant's filing is styled as a designation of the record on direct appeal to the Second Circuit, pursuant to Fed. R. Bankr. P. 8006, the Court assumes this is a result of Appellant's attempt to comply with this Court's order instructing him to file a designation of the record on appeal, which erroneously directed him to Fed. R. Bankr. P. 8006 (governing certification of direct appeals to the Second Circuit) rather than Fed. R. Bankr. P. 8009 (governing designation of the record on appeal to this Court)." (*Id.*).

4

certification for direct appeal of the Bankruptcy Court's order to the Second Circuit, and seeks reconsideration of the Court's decision to deny such certification. (Dkt. No. 31).

The Second Circuit may only hear direct appeals from a Bankruptcy Court orders upon certification that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). The Contempt Order meets none of the foregoing requirements, and Appellant's motion presents no meritorious argument to the contrary. Therefore, Appellant's request for reconsideration is denied.

Alternatively, Appellant asks the Court to accept his filing as a Notice of Appeal of the Court's order to the Second Circuit, (Dkt. No. 31, at 1, 5), and the Court will do so.  However, the Court notes that the Bankruptcy Court's Contempt Order clearly does not fall within 28 U.S.C. § 158(d)(2)(A). Nor does the Court's denial of a request for certification under § 158(d)(2)(A) involve any "controlling question of law as to which there is substantial ground for difference of opinion" and from which an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court therefore finds that any appeal of that order is frivolous.[3]

### IV.  CONCLUSION

For these reasons, it is hereby

---

[3] In light of the Court's denial of Appellant's request for reconsideration, the Court also declines Appellant's request for an extension of his deadline for filing his opening brief. (Dkt. No. 31, at 7). To the extent Appellant still feels an extension is necessary or warranted, he may request one through a separate letter explaining his reasons.

**ORDERED** that Appellant's motion for reconsideration of the Court's order denying the appointment of counsel (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED** that Appellant's motion for reconsideration of the Court's order denying his request for certification that he may directly appeal the Contempt Order to the Second Circuit (Dkt. No. 31) is **DENIED;** and it is further

**ORDERED** that Appellant's motion for reconsideration (Dkt. No. 30) is construed as a notice of appeal to the Second Circuit Court of Appeals of this Court's Order (Dkt. No. 26) denying appointment of counsel, and Appellant's motion for reconsideration (Dkt. No. 31) is construed as a notice of appeal to the Second Circuit Court of Appeals of this Court's text order (Dkt. No. 27) denying a certification of a direct appeal to the Second Circuit Court of Appeals under 28 U.S.C. § 158(d)(2)(A); and further

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal to the Second Circuit Court of Appeals at this stage of the proceedings is not in good faith and may not be taken in forma pauperis.

**IT IS SO ORDERED.**

Dated: November 12, 2020
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

6