**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

———————————————————————

WALTER JOSEPH REGAN,

                                Appellant,                    3:20-cv-00846 (BKS)

v.

HENRY HON and MICHELE DOMRES-HON,

                                Appellees.

———————————————————————

**Appearances:**

*Appellant pro se:*
Walter Joseph Regan
Ithaca, NY 14851

*For Appellees:*
Edward Y. Crossmore
Crossmore Law Firm
115 West Green Street
Ithaca, NY 14850

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Debtor-Appellant Walter Joseph Regan ("Regan" or "Appellant") brings this appeal from a July 10, 2020 order (the "Contempt Order") of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in Adversary Proceeding No. 19-50006 (the "Discharge Adversary Proceeding") holding him in civil contempt and assessing sanctions for violating the Bankruptcy Court's December 13, 2019 discovery order and for spoliation of evidence. (Dkt. No. 1). Presently before the Court is Regan's motion to stay the proceedings in his main Chapter 7 Bankruptcy case, Case No. 18-31694 (the "Main Case"), the Discharge

Adversary Proceeding, and related Adversary Proceeding No. 19-50014 (the "Trustee Adversary Proceeding") pending resolution of this appeal.[1] (Dkt. No. 43). The Chapter 7 Trustee in Regan's Main Case (the "Trustee"), who is a party to the Main Case and the Trustee Adversary Proceeding but not the Discharge Adversary Proceeding, has filed an objection to Regan's motion, in which Appellees Henry Hon and Michele Domres-Hon (the "Hons" or "Appellees") have joined. (Dkt. Nos. 45, 48). Regan has submitted an affidavit responding to the Trustee's objection. (Dkt. No. 49). Separately before the Court is the Hons' motion to dismiss Regan's appeal for failure to timely file a brief, (Dkt. No. 41), to which Regan has not responded. For the reasons below, Regan's motion for a stay pending appeal is denied, the Hons' motion to dismiss is denied, and Regan is granted a final 30-day extension to file his appellate brief.

## II.    PROCEDURAL BACKGROUND

Regan initiated his Main Case by filing a voluntary chapter 7 petition on December 6, 2018. (Bankr. Case No. 18-31694, Dkt. No. 1). In addition to his Main Case, Regan is involved in two related Adversary Proceedings before the Bankruptcy Court: (1) the Discharge Adversary Proceeding, in which the Hons object to Regan's discharge, (Adv. Pr. No. 19-50006); and (2) the Trustee Adversary Proceeding, in which the Trustee seeks to liquidate the estate's interest in residential real property by selling the entire property, (Adv. Pr. No. 19-50014). Regan is the defendant in the Discharge Adversary Proceeding, and a non-party in the Trustee Adversary Proceeding; the Hons are the plaintiffs in the Discharge Adversary Proceeding, and the

---

[1] Regan's motion is styled as a "Motion to U.S. Court of Appeals for the Second Circuit to Stay Bankruptcy District Court Proceedings Pending Resolution of Appeal." (Dkt. No. 43, at 1). Because Regan's appeals to the Second Circuit Court of Appeals have dismissed, *see Regan v. Domres-Hon,* 20-3444 (L), 20-4208 (con) and 20-4210 (con), the Court has construed Regan's motion as a motion to this Court pursuant to Fed. R. Bankr. P. 8007(b) to stay his Bankruptcy Court proceedings pending resolution of his appeal in this case. (Dkt. No. 44). Regan has notified this Court of his motion to the Second Circuit to reinstate his appeal there, (Dkt. No. 47), but the Second Circuit has not yet ruled on that motion.

defendants in the Trustee Adversary Proceeding; and the Trustee is the plaintiff in the Trustee Adversary Proceeding, and a non-party in the Discharge Adversary Proceeding. (Dkt. No. 45, at ¶¶ 2 & n.1, 4 & n.2).

In the matter pending before this Court, Regan appeals from the Bankruptcy Court's July 10, 2020 Contempt Order entered in the Discharge Adversary Proceeding, which held Regan in contempt and assessed sanctions for his spoliation of evidence relevant to that proceeding. (Dkt. No. 1 (Notice of Appeal); Dkt. No. 4, at 15-32 (Contempt Order)). Although Regan did not move for a stay pending appeal at the time he appealed the Contempt Order, the Bankruptcy Court *sua sponte* determined that it would delay trial in the Discharge Adversary Proceeding until Regan's appeal was resolved, effectively staying those proceedings pending the outcome of this appeal. (Case No. 18-31694, Dkt. No. 77, at 3-4).[2]

The Contempt Order and this appeal arise from the Discharge Adversary Proceeding, and do not relate to the Main Case or the Trustee Adversary Proceeding. In the Trustee Adversary Proceeding, a motion to approve a settlement agreement between the Trustee and the Hons is currently pending before the Bankruptcy Court, (Case No. 19-50014, Dkt. No. 27), but has been continued pending the outcome of court-ordered mediation among all parties to both adversary proceedings, (Dkt. No. 45, at ¶ 5). Although Regan is not a party to the Trustee Adversary Proceeding, he has filed an objection to the motion, (Case No. 19-50014, Dkt. No. 38), and has the right to appeal the Bankruptcy Court's ultimate decision on the motion to the extent it

---

[2] Regan now contends that part of the relief he seeks on appeal is an order relieving the Hons of standing as plaintiffs in the Discharge Adversary Proceeding. (Dkt. No. 43, at 3, 8, 10; Dkt. No. 49, at 2). However, the Contempt Order does not address the issue of standing, and Regan has not appealed to this Court from the Bankruptcy Court's separate November 15, 2019 order finding that the Hons have standing as plaintiffs in the Discharge Adversary Proceeding. (Case No. 19-50006, Dkt. No. 25). As the Bankruptcy Court has correctly observed, "[s]ince [the November 15 order] was an interlocutory order, there was no absolute right to appeal and [Regan's] right to contest the court's finding is preserved in any subsequent appeal of a final order and judgment entered by the court after trial on the discharge counts." (Case No. 18-31694, Dkt. No. 77, at 3 n. 1).

adversely affects his interests, (Case No. 18-31694, Dkt. No. 77, at 4). This Court's ultimate decision on Regan's appeal of the Contempt Order will have no effect on these separate matters in the Trustee Adversary Proceeding.

On December 21, 2020, Regan moved in the Bankruptcy Court under Fed. R. Bankr. P. 8007(a) to stay all proceedings in the Main Case, the Trustee Adversary Proceeding and the Discharge Proceeding pending the outcome of his appeal of the Contempt Order. (Case No. 18-31694, Dkt. Nos. 72, 73). The Bankruptcy Court held a hearing on Regan's motion and denied it in an order dated January 14, 2021. (Case No. 18-31694, Dkt. No. 77). In denying Regan's motion, the Bankruptcy Court analyzed the factors set forth in *Hirschfeld v. Board of Elections in City of New York,* 984 F.2d 35, 39 (2d Cir. 1993), namely:

> (i) whether movant will suffer irreparable injury if relief is not granted; (ii) whether the nonmoving party will suffer substantial injury if a stay is imposed; (iii) whether movant has demonstrated the substantial possibility, though less than a likelihood, of success on appeal; and (iv) consideration of any public interest that may be affected.

(Case No. 18-31694, Dkt. No. 77, at 4-5). The Bankruptcy Court found that Regan "will not suffer irreparable injury if his Motion is not granted" because "[h]is right to pursue the current appeal and take an appeal on other matters that have not yet been decided remains intact." (*Id.* at 5). The Bankruptcy Court "question[ed] the relevance of the third factor" given the fact that it "*sua sponte* suspended placing [the Discharge Adversary Proceeding] back on its trial-ready calendar until the appeal is decided," but observed that it "doubt[ed] [Regan's] success on his current appeal given his willful disregard of the court's order and his failure to otherwise move for a protective order while represented by counsel." (*Id.* at 5-6). As to the fourth factor, the Bankruptcy Court explained that "[t]he expeditious administration of cases in bankruptcy is key to meting out justice in the bankruptcy system" and that "[t]here is a strong public interest in

facilitating the smooth administration of cases that flow through the bankruptcy system which the court finds to be an important consideration in this case." (*Id.* at 6).

## III.     MOTION FOR A STAY PENDING APPEAL

### A.     Legal Standard

Federal Rule of Bankruptcy Procedure 8007 (formerly Rule 8005) governs motions to stay pending appeal of bankruptcy court orders. *See* Fed. R. Bankr. P. 8007. Generally, a Rule 8007 motion must first be made in the bankruptcy court. *See id.* A motion for such relief may subsequently be made in the district court so long as it states "that the [bankruptcy] court has not yet ruled on the motion, or state[s] that the [bankruptcy] court has ruled and set[s] out any reasons given for the ruling." *Id.* at 8007(b)(2)(B). In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law. *See In re Petition of Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 275 B.R. 699, 703-04 (S.D.N.Y. 2002) (citation omitted). "[T]he decision to grant or deny a stay pending appeal is within the discretion of the bankruptcy court." *State Emps. Fed. Credit Union v. S.G.F. Props., LLC,* No. 15-cv-00418, 2015 WL 7573220, at *2, 2015 U.S. Dist. LEXIS 158991, at *5 (N.D.N.Y. Nov. 25, 2015) (quoting *Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y. 1995)). "Thus, the district court 'review[s] the bankruptcy court's decision [to deny a stay pending appeal] only for abuse of discretion.'" *Id.* (quoting *Green Point Bank*, 188 B.R. at 11).

The Second Circuit has established a four-pronged test for determining whether to grant a motion for a stay pending an appeal: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Hirschfeld*, 984 F.2d at 39 (citations and internal quotation marks omitted); *accord In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P.

1997); *In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 183 (2d Cir. B.A.P. 1996) (citation omitted). This standard has been routinely applied to a motion for a stay of an order of a bankruptcy court, pending an appeal to the district court. *See, e.g.*, *State Emps. Fed. Credit Union,* 2015 WL 7573220, at *2, 2015 U.S. Dist. LEXIS 158991, at *5-6; *In re Rossi*, No. 08-mc-0081, 2008 WL 4519008, *1, 2008 U.S. Dist. LEXIS 75050, at *3 (N.D.N.Y. Sept. 26, 2008).[3] "A party seeking a stay of a lower court's order bears a difficult burden." *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,* 44 F.3d 1082, 1084 (2d Cir. 1995).

**B.    Discussion[4]**

The Court finds no abuse of discretion in the Bankruptcy Court's decision to deny Regan's motion for a stay pending appeal. The Bankruptcy Court applied the correct legal test as set forth in *Hirschfeld*, and articulated appropriate and sound reasons for its decision as to the relevant factors. As the Trustee's objection correctly points out, the only proceeding that may be directly impacted by the Court's appellate review of the Contempt Order—the Discharge Adversary Proceeding—has already effectively been stayed *sua sponte* by the Bankruptcy Court pending the outcome of Regan's appeal. (Dkt. No. 45, at ¶¶ 7-11). And as the Bankruptcy Court

---

[3] There is some ambiguity in this Circuit as to whether or not the *Hirschfeld* factors must *all* be satisfied for a stay pending appeal to be granted. *Compare, e.g.*, *State Emps. Fed. Credit Union,* 2015 WL 7573220, at *3 & n.1, 2015 U.S. Dist. LEXIS 158991, at *6 & n. 1 ("While several lower courts have addressed the four factors as a balancing test, the Second Circuit has not departed from the rigid approach applied in *In re Turner*," which stated that "[f]ailure to satisfy one prong of this standard for granting a stay will doom the motion." (quoting *Turner*, 207 B.R. at 375)), *with, e.g.*, *Rossi*, 2008 WL 4519008, *1 n.1, 2008 U.S. Dist. LEXIS 75050, at *3-4 n.1 ("A number of district and bankruptcy courts within this circuit have classified the stay pending appeal standard as involving elements, all of which must be demonstrated by the movant in order to obtain relief . . . However, the Second Circuit has treated the general inquiry for granting a stay pending appeal as involving factors, rather than elements, which are to be weighed in considering whether or not to grant relief." (citations omitted)). The Court need not address this question, as it would affirm the Bankruptcy Court's order and deny Regan's motion for a stay regardless of which view is correct.

[4] As a preliminary matter, as his motion is addressed to the Second Circuit, Regan makes several statements regarding his belief that, because of his pending appeal to that Court, the District Court has no jurisdiction over his motion. (Dkt. No. 43, at 10, 11). For the avoidance of doubt, because Regan's appeal of the Contempt Order is properly before this Court, the Court has construed his motion as a motion to stay the Bankruptcy Court proceedings pending this appeal, and Regan's appeals to the Second Circuit have been dismissed, the Court has jurisdiction to decide Regan's motion.

correctly explained, allowing the Main Case and Trustee Adversary Proceeding to proceed during the pendency of his appeal of the Contempt Order does not prejudice Regan's right to participate in those proceedings, including his right to appeal any adverse rulings entered therein. (Case No. 18-31694, Dkt. No. 77, at 3-4). Given these circumstances, the Bankruptcy Court's application of the *Hirschfeld* factors to the circumstances of Regan's case was a proper exercise of its discretion.

Regan's motion presents no legal authority or factual basis for overturning the Bankruptcy Court's order and granting the extraordinary relief he seeks. The substantive arguments Regan raises in his motion and accompanying affidavit primarily recount some of his grievances regarding the alleged past misconduct of the Trustee, the Bankruptcy Court, the Hons and their counsel. (Dkt. No. 43, at 4, 8-12; Dkt. No. 49, at 1-7). Some of the arguments he raises relate to the handling of data on Regan's iMac computer and form part of the basis of Regan's appeal of the Contempt Order, while others relate to separate issues that are not directly at issue in this appeal, including issues in the Main Case or the Trustee Adversary Proceeding. (*Id.*). Regardless of the merit of these arguments, as noted, the Bankruptcy Court has already effectively stayed the only proceedings that are directly implicated by Regan's appeal of the Contempt Order, and Regan does not present any compelling, non-conclusory reason why, under the *Hirschfeld* factors, the issues he raises justify a sweeping stay of *all* of his Bankruptcy Court proceedings, including those that will not be impacted by the Court's ruling on this appeal.

Finally, with respect to matters on which the Bankruptcy Court has not yet ruled, Regan asserts that requiring him to wait for the Bankruptcy Court to actually rule on those issues before appealing "would be a tremendous waste of court resources, where relief could be afforded now to help ensure further harm does not occur." (Dkt. No. 43, at 5). However, Regan's view on the

efficiency of the ordinary judicial process that all litigants must follow does not exempt him

from that process. His unsubstantiated allegation of "further harm" is insufficient; to meet the

"difficult burden" of justifying a stay pending appeal, *Private Sanitation Indus. Ass'n of*

*Nassau/Suffolk, Inc.,* 44 F.3d at 1084, Regan must offer specific reasons why he would suffer

*irreparable* harm from the denial of a stay, and for the reasons explained previously and in the

Bankruptcy Court's well-reasoned decision, (Case No. 18-31694, Dkt. No. 77, at 3-5), he has not

done so. Therefore, for the foregoing reasons, the Court denies Regan's motion for a stay

pending appeal.

## IV.   MOTION TO DISMISS

The Hons seek to dismiss Regan's appeal based on his failure to comply with his Court-

ordered deadline for filing his opening brief. (Dkt. No. 41). By scheduling order dated October

27, 2020, Regan was originally given forty days to file his opening brief. (Dkt. No. 28). Upon

Regan's request for a forty-day extension, (Dkt. No. 35), the Court granted him a thirty-day

extension, making his brief due on January 6, 2021, (Dkt. No. 36). Regan did not file a brief by

this deadline or request any additional extensions. On January 20, the Hons filed their motion to

dismiss Regan's case based on his failure to timely file his opening brief. (Dkt. No. 41). A

certificate of service for the motion reflects that the motion was served on Regan via first class

mail on January 15. (Dkt. No. 42). In his affidavit seeking reinstatement of his appeal to the

Second Circuit, Regan insists that he has never been properly served with the motion; he does

not specify how he learned of the motion, though he apparently became aware of the motion by

no later than January 27 when he signed his affidavit. (Dkt. No. 47, at 1, 6, 7). Regan has not

responded to the Hons' motion to dismiss by his deadline of February 5.

Regan has offered no explanation for his failure to comply with his briefing deadline set

by the Court or timely seek an additional extension of that deadline. Though the Court

recognizes his indigency and limited resources, (Dkt. No. 43, at 3; Dkt. No. 47-1, at 3; Dkt. No. 49, at 1), this alone does not excuse his failure to prosecute the appeal he voluntarily chose to pursue. *See also, e.g., In re Hoti Enterprises, L.P.,* No. 10-24129, 2013 WL 1812197, at *16, 2013 U.S. Dist. LEXIS 62463, at *47 (S.D.N.Y. Apr. 26, 2013) ("[An appellant's] procedural default is not excused by his status as a pro se litigant . . . [p]articularly, where, as here, [the appellant] has already demonstrated he understood the need to timely file a brief"); *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008) (noting that "although pro se litigants . . . are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules," and dismissing a pro se litigant's bankruptcy appeal where he did not demonstrate that his failure to timely file a brief "was the result of a good faith mistake or that it arose out of circumstances beyond [the appellant's] control"); *In re Bristol*, No. 09-cv-1683, 2010 WL 1223053, at *2-3, 2010 U.S. Dist. LEXIS 27647, at *5-9 (E.D.N.Y. Mar. 24, 2010) (collecting cases discussing the circumstances under which a pro se litigant's bankruptcy appeal may be dismissed for failure to timely file a brief). This is particularly true given the fact that, despite his resource limitations, Regan has completed a number of other filings in this Court and others (including in connection with his continued efforts to unsuccessfully pursue a premature appeal to the Second Circuit) while neglecting to file his required appellate brief in this case. (Case No. 19-50014, Dkt. No. 38 (objection to motion to approve settlement agreement in the Trustee Adversary Proceeding dated January 6, 2021); Dkt. No. 43 (motion for a stay pending appeal, dated January 20, 2021); Dkt. No. 47 (motion to reinstate appeal with the Second Circuit dated January 27, 2021); Dkt. No. 49 (response to the Trustee's affidavit opposing his motion for a stay dated February 8, 2021)).

Nonetheless, in light of Regan's pro se status, his resource limitations, the fact that ongoing activities in the Main Case and Trustee Adversary Proceeding have required him to

"meet[] deadlines on multiple fronts," (Case No. 18-31694, Dkt. No. 77, at 3), and his claim that he was never properly served with the Hons' motion to dismiss, the Court declines to dismiss Regan's appeal at this time. *See Hormovitis v. Levine*, No. 09-cv-0758, 2010 WL 741878, at *2, 2010 U.S. Dist. LEXIS 17747, at *4-5 (N.D.N.Y. Mar. 1, 2010) ("Where an appellant has failed to file an appellant brief in a bankruptcy appeal, dismissal is not required; however, 'the court should exercise discretion to determine whether dismissal is appropriate in the circumstances[.]'" (quoting *In re Tampa Chain Co.,* 835 F.2d 54, 55 (2d Cir. 1987))). Instead, the Court will grant him one final, thirty-day extension to file his opening brief. Regan is warned that, if he fails to meet this deadline, his appeal may be dismissed for failure to prosecute.

## V.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Regan's motion for a stay pending appeal (Dkt. No. 43) is **DENIED**; and it is further

**ORDERED** that the Hons' motion to dismiss (Dkt. No. 41) is **DENIED**; and it is further

**ORDERED** that Regan is ordered to file his opening appellate brief no later than 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: February 9, 2021
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge

10