UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER JOSEPH REGAN,

                                Appellant,                     3:20-cv-00846 (BKS)

v.

HENRY HON and MICHELE DOMRES-HON,

                                Appellees.
_____

**Appearances:**

*Appellant pro se:*
Walter Joseph Regan
Ithaca, NY 14851

*For Appellees:*
Edward Y. Crossmore
Crossmore Law Firm
115 West Green Street
Ithaca, NY 14850

**Hon. Brenda K. Sannes, U. S. District Judge**

## ORDER TO SHOW CAUSE

Debtor-Appellant Walter Joseph Regan ("Regan" or "Appellant") brings this appeal from a July 10, 2020 order of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in Adversary Proceeding No. 19-50006 holding him in civil contempt and assessing sanctions for violating the Bankruptcy Court's December 13, 2019 discovery order and for spoliation of evidence. (Dkt. No. 1).

By scheduling order dated October 27, 2020, Regan was originally given forty days to file his opening appellate brief. (Dkt. No. 28). On that same day, the Court observed that Regan had filed a submission styled as a designation of the record on direct appeal to the Second

Circuit, pursuant to Fed. R. Bankr. P. 8006; the Court "assume[d] this [was] a result of Appellant's attempt to comply with this Court's order instructing him to file a designation of the record on appeal, which erroneously directed him to Fed. R. Bankr. P. 8006 (governing certification of direct appeals to the Second Circuit) rather than Fed. R. Bankr. P. 8009 (governing designation of the record on appeal to this Court)." (Dkt. No. 27). The Court ruled that: (1) Regan's "appeal will not be dismissed for failure to comply with Federal Rule of Bankruptcy Procedure 8009(a)(1)(A)"; and (2) "[t]o the extent Appellant's submission seeks certification that he may immediately appeal the Bankruptcy Court's Order to the Second Circuit Court of Appeals under 28 USC 158(d)(2)(A), that request is DENIED." (*Id.*). The Court found that Regan's appeal was "properly pending before this Court" and "certifie[d] under 28 USC 1915(a)(3) that an appeal to the Second Circuit Court of Appeals at this stage of the proceedings is not in good faith and may not be taken in forma pauperis." (*Id.*).[1]

On November 10, Regan filed a motion for reconsideration, stating that he did, in fact, intend to file a direct appeal to the Second Circuit, and asking the Court to certify such an appeal. (Dkt. No. 31).[2] On November 12, the Court "construed [Regan's motion] as a notice of appeal" of the Court's order denying a certification of direct appeal, and denied the motion, again "certif[ying] under 28 U.S.C. § 1915(a)(3) that any appeal to the Second Circuit Court of Appeals at this stage of the proceedings is not in good faith and may not be taken in forma pauperis." (Dkt. No. 33).

Upon Regan's request for a forty-day extension of his deadline for filing his opening appellate brief, (Dkt. No. 35), the Court granted him a thirty-day extension, making his brief due

---

[1] On that same day, the Court issued an order denying Regan's request to appoint counsel to represent him in this appeal. (Dkt. No. 26).
[2] Regan also filed a motion to reconsider the Court's denial of his request for appointment of counsel, (Dkt. No. 30), which the Court denied, (Dkt. No. 33).

on January 6, 2021, (Dkt. No. 36). Regan did not file a brief by this deadline or request any additional extensions.

Despite the Court's orders certifying that a direct appeal to the Second Circuit was premature, Regan continued to pursue a direct appeal to the Second Circuit. On January 13, 2021, the Second Circuit issued an Order stating that "it lacks jurisdiction over [Appellant's] appeals because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291 and neither the bankruptcy court nor the district court certified a direct appeal as contemplated by 28 USC § 158(d)." *In Re: Walter Joseph Regan*, Case Nos. 20-3444 (L), 20-4208 (Con), 20-4210 (Con). On January 27, Regan filed a motion in the Second Circuit to reinstate his appeal, (Dkt. No. 47), which the Second Circuit has not yet issued a decision on. Regan has continued to file motions in the Second Circuit, including as recently as March 12. *In Re: Walter Joseph Regan*, Case Nos. 20-3444 (L), 20-4208 (Con), 20-4210 (Con).

On January 20, Appellees Henry Hon and Michele Domres-Hon ("the Hons" or "Appellees") filed a motion to dismiss this appeal based on Regan's failure to timely file his opening brief. (Dkt. No. 41). Regan did not respond to the Hons' motion to dismiss by the deadline of February 5.[3] On February 9, this Court issued an order (the "February 9 Order") denying the Hons' motion to dismiss Regan's appeal. (Dkt. No. 51).[4] Instead, the Court granted Regan "one final, thirty-day extension to file his opening brief." (*Id.* at 10). In its February 9

---

[3] A certificate of service for the motion reflects that the motion was served on Regan via first class mail on January 15. (Dkt. No. 42). In an affidavit, Regan stated that he has never been properly served with the motion; the affidavit does not specify how he learned of the motion, but his affidavit is dated January 27, meaning he apparently became aware of the motion prior to that date. (Dkt. No. 47, at 1, 6, 7). Regan did not seek any extension of his deadline to respond to Appellees' motion.

[4] In that same order, the Court denied Regan's "[m]otion to U.S. Court of Appeals for the Second Circuit to Stay Bankruptcy District Court Proceedings Pending Resolution of Appeal," which, in light of the fact that the Second Circuit had already dismissed Regan's appeals, the Court construed "as a motion to this Court to stay the [B]ankruptcy [C]ourt proceedings pending the appeal in this case" pursuant to Fed. R. Bankr. P. 8007(b). (Dkt. Nos. 44, 51).

Order, the Court warned Regan that "if he fails to meet this deadline, his appeal may be dismissed for failure to prosecute." (*Id.*).

On February 17, Regan filed a letter stating that, because his motion to reinstate his appeal with the Second Circuit was still pending at the time the Court issued its February 9 Order, he did not believe that the Court had jurisdiction to issue that order. (Dkt. No. 52). The next day, the Court issued a text order explaining that "[t]he Second Circuit Court of Appeals . . . has determined that it does not have jurisdiction over Appellant's appeals," that "[t]here is still no final order that could be the basis of an appeal and no certification of a direct appeal," and that "[t]he fact that Appellant has continued to file motions in the Second Circuit does not change the fact that the Second Circuit does not have jurisdiction over his appeals, and these motions cannot be used as an excuse to delay the proceedings in this appeal, which has been pending since August 2020." (Dkt. No. 53). The Court affirmed that "Appellant's brief is due by March 9, 2021," and reiterated that "[i]f Appellant does not file a brief by March 9, 2021, the Court will consider whether this appeal should be dismissed for failure to timely file a brief." (*Id.*).

On February 22, Regan sent a letter to the Hon. Glenn T. Suddaby, Chief Judge of the U.S. District Court for the Northern District of New York, requesting his intervention, and provided a copy of the letter to this Court. (Dkt. Nos. 54, 55). Regan's filing of this letter does not operate to extend his Court-established deadline for filing an appellate brief or to otherwise stay these proceedings.

Regan still has not filed his appellate brief, and his deadline for doing so (which this Court has now extended twice) has passed. Moreover, Regan has completed a number of other filings in this Court and others (including in connection with his continued unsuccessful efforts

4

to pursue a premature appeal to the Second Circuit) while neglecting to file his required appellate brief in this case. (*See, e.g.*, Dkt. No. 43 (motion for a stay pending appeal, dated January 20, 2021); Dkt. No. 47 (motion to reinstate appeal with the Second Circuit dated January 27, 2021); Dkt. No. 49 (response to the Trustee's affidavit opposing his motion for a stay dated February 8, 2021); Case No. 19-50014, Dkt. No. 38 (objection to motion to approve settlement agreement in the Trustee Adversary Proceeding dated January 6, 2021); *see also In Re: Walter Joseph Regan*, Case Nos. 20-3444 (L), 20-4208 (Con), 20-4210 (Con) (reflecting filings as recently as March 12)).

Thus, because it appears that Regan has failed to prosecute this action diligently, he is ordered to show cause why this action should not be dismissed for failure to prosecute. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); *In re Hoti Entes., L.P.*, No. 10-cv-24129, 2013 WL 1812197, at *16, 2013 U.S. Dist. LEXIS 62463, at *47 (S.D.N.Y. Apr. 26, 2013) ("[An appellant's] procedural default is not excused by his status as a pro se litigant . . . [p]articularly, where, as here, [the appellant] has already demonstrated he understood the need to timely file a brief"); *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008) (noting that "although pro se litigants . . . are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules," and dismissing a pro se litigant's bankruptcy appeal where he did not demonstrate that his failure to timely file a brief "was the result of a good faith mistake or that it arose out of circumstances beyond [the appellant's] control"); *In re Bristol*, No. 09-cv-1683, 2010 WL 1223053, at *2-3, 2010 U.S. Dist. LEXIS 27647, at *5-9 (E.D.N.Y. Mar. 24, 2010) (collecting cases discussing the circumstances under which a pro se litigant's bankruptcy appeal may be dismissed for failure to timely file a brief).

**ORDERED** that Appellant is directed to file and serve, **by April 6, 2021**, either the Appellant's Brief or a response to this Order to Show Cause stating why this action should not be dismissed for failure to prosecute.

It is further **ORDERED** that **IF THE COURT DOES NOT RECEIVE FROM APPELLANT the Appellant's Brief or a response to this Order to Show Cause ON OR BEFORE APRIL 6, 2021, THIS ACTION WILL BE DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 16, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge