UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER JOSEPH REGAN,

                              Appellant,                      3:20-cv-00846 (BKS)

v.

HENRY HON and MICHELE DOMRES-HON,

                              Appellees.
_____

**Appearances:**

*Appellant pro se:*
Walter Joseph Regan
Ithaca, NY 14851

*For Appellees:*
Edward Y. Crossmore
Kirstin E. Tiffany
Crossmore Law Firm
115 West Green Street
Ithaca, NY 14850

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       Debtor-Appellant Walter Joseph Regan brings this appeal from a July 10, 2020 order (the "Contempt Order") of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in Adversary Proceeding No. 19-50006 (the "Adversary Proceeding") holding him in civil contempt and assessing sanctions for violating the Bankruptcy Court's December 13, 2019 discovery order (the "December 13 Order") and for spoliation of evidence. (Dkt. No. 1).

By scheduling order dated October 27, 2020, Regan was originally given forty days to file his opening brief. (Dkt. No. 28). Upon Regan's request for a forty-day extension, (Dkt. No. 35), the Court granted him a thirty-day extension, making his brief due on January 6, 2021, (Dkt. No. 36). Regan did not file a brief by this deadline or request any additional extensions. On January 20, Appellees Henry Hon and Michele Domres-Hon (together, "the Hons") filed a motion to dismiss Regan's appeal based on his failure to timely file his opening brief. (Dkt. No. 41). On February 9, the Court denied the Hons' motion and instead granted Regan "one final, thirty-day extension to file his opening brief," but "warned that, if he fails to meet this deadline, his appeal may be dismissed for failure to prosecute." (Dkt. No. 51, at 10). Regan did not do so. Instead, he submitted a letter arguing that the District Court lacked jurisdiction over his appeal due to his (repeated and unsuccessful) attempts to pursue a direct appeal with the Second Circuit, (Dkt. No. 52), as well as a separate letter seeking Northern District of New York Chief Judge Glenn Suddaby's intervention in this appeal, (Dkt. Nos. 54, 55), both of which were denied via text order, (Dkt. Nos. 53, 57). On March 16, the Court issued an order directing Regan "to file and serve, by April 6, 2021, either the Appellant's Brief or a response to this Order to Show Cause stating why this action should not be dismissed for failure to prosecute," and warning that the action would be dismissed if the Court did not receive the Appellant's Brief or a response to the Order to Show Cause by April 6, 2021. (Dkt. No. 56, at 6).

On April 6, Regan filed another letter to Judge Suddaby requesting his intervention, (Dkt. No. 58), which was denied, (Dkt. No. 61), as well as a "Response Affidavit and Motion for Intervention," (Dkt. No. 59), which the Court construed liberally as Regan's opening brief, (Dkt. No. 62). The Court ordered the Hons to respond by May 18, (*id.*), and they did so, (Dkt. No. 65). Also on May 18, Regan filed another letter alleging "Neglect of Due Process and Crimes by

Officers of the Court," (Dkt. No. 64). The Court has carefully considered all of the submissions by both parties in this matter. For the reasons below, Regan's appeal is dismissed.

## II.  THE BANKRUPTCY COURT'S CONTEMPT ORDER

In December 2018, Regan initiated chapter 7 bankruptcy proceedings (the "Main Case") "against the backdrop of a contentious divorce proceeding with . . . Stephanie Hon, who is also a creditor." (Dkt. No. 4, at 17; Bankruptcy Petition No. 18-31694). Stephanie Hon's parents, the Hons, commenced the Adversary Proceeding objecting to Regan's discharge under various provisions of 11 U.S.C. § 727(a). (Dkt. No. 4, at 17). In the Adversary Proceeding, the Hons allege, among other things, that Regan made false representations and false oaths when he testified that his Apple iMac computer (the "Computer") contained financial information relevant to the bankruptcy and helpful to his position, and that he destroyed information indicative of his financial condition. (*Id.*).

This appeal arises from the Bankruptcy Court's ruling on a motion filed by the Hons in the Adversary Proceeding, which sought an order, pursuant to Fed. R. Civ. P. 37(b) and (e), made applicable by Fed. R. Bankr. P. 7037, holding Regan in civil contempt for: (i) violating the Bankruptcy Court's March 1, 2019 order entered in the Main Case (the "March 1 Order") which, in relevant part, ordered Regan to provide the chapter 7 trustee in the Main Case (the "Trustee") with the passwords to access the Computer; (ii) violating the Bankruptcy Court's July 18, 2019 order entered in the Adversary Proceeding (the "July 18 Order") which, in relevant part, directed Regan to "provide the name and contact information of the forensic expert" who was then in possession of the Computer, to "verify the location of the Computer," and to "produce the Computer [for examination by the Hons' forensic expert] by no later than August 2, 2019 at 4:00 P.M."; (iii) violating the Bankruptcy Court's December 13, 2019 order entered in the Adversary

Proceeding (the "December 13 Order") which, in relevant part, "directed [Regan] to produce and deliver the Computer to [the Hons' attorney's] office by December 27, 2019"; and (iv) spoliation of evidence. (*Id.* at 15, 17, 19, 21). In their Motion, the Hons asked that the Bankruptcy Court strike Regan's answer to their complaint and grant them a default judgment denying Regan a discharge. (*Id.* at 16). In the alternative, the Hons asked the Bankruptcy Court to draw adverse inferences, contrary to Regan's prior sworn testimony, that the Computer never contained: (i) proof that transfers of money from the Hons to Regan were intended to be a gift and not a loan; and (ii) information on the existence of a safe containing $25,000.00 belonging to Regan. (*Id.*). The Hons further asked the Bankruptcy Court to find that relevant financial information pertaining to Regan's financial condition was on the Computer and was deleted, and to assess sanctions against Regan in the amount of $13,067.00 for attorneys' fees, costs and expenses. (*Id.*).

On July 10, 2020, the Bankruptcy Court entered the Contempt Order, granting the Hons' motion in part and denying it in part. The Bankruptcy Court found that Regan complied with the terms of the March 1 Order, as he provided the Trustee with the necessary passwords and the Trustee confirmed that he was able to use them to access the Computer. (*Id.* at 23). The Bankruptcy Court also found that Regan complied with the terms of the July 18 order by providing the required information and by making the Computer available for examination by the Hons' expert at a hotel in Ithaca, New York on August 2, 2019 at 2:00 PM, two hours before the deadline specified in the July 18 Order. (*Id.* at 23-24). The Bankruptcy Court observed that the Hons' expert never appeared at the hotel to examine the Computer, as the Hons' counsel assumed that the Computer would be made available at his office in Utica. (*Id.* at 24). However, the Bankruptcy Court found that the "July 18 Order did not direct [Regan] to produce the

4

Computer to [the Hons'] expert in Utica, nor did it require that [Regan] deliver the Computer there," and stated that it would "not fault [Regan] for any misunderstanding as between counsel." (*Id.*).

The Bankruptcy Court further found that Regan violated the terms of the December 13 Order by wiping and physically removing the Computer's hard drive before delivering the Computer to the Hons' counsel. (*Id.*). The Bankruptcy Court found that, on December 20, 2019, Regan took the Computer to an Apple store in Albany, New York and asked a technician to wipe the Computer's hard drive. (*Id.* at 21). The Bankruptcy Court relied on a receipt from the Apple store that identified Regan as the "customer" and stated that, "Customer came in looking to perform a level 7 wipe/erase." (*Id.*). The Bankruptcy Court also found that Regan's wipe of the hard drive was intentional, citing to testimony from Regan's deposition that, in the Bankruptcy Court's words, confirmed that he "believed, at that time, that the Computer contained financial information relevant to the bankruptcy and . . . knew that wiping the hard drive would prevent access to this data." (*Id.*).

The Bankruptcy Court considered Regan's explanation that the hard drive contained "embarrassing and gratuitous media of himself and Stephanie Hon" that he "wanted to destroy so that no one could view it," but found that this motivation did "not authorize nor excuse his destruction of all content calculatingly undertaken as an independent actor." (*Id.* at 22, 25). The Bankruptcy Court also considered Regan's explanation that the wipe was "required by his employer," Advanced Technology Solutions International Corporation ("ATSI"), because the hard drive "contained confidential, proprietary information concerning ATSI's contracts with United States defense and intelligences [*sic*] agencies." (*Id.* at 17-18, 22). The Bankruptcy Court rejected this argument, relying on a July 30, 2019 letter from ATSI's counsel that "expressly

5

stated that ATSI was only concerned with the identification, retrieval and deletion of ATSI's own proprietary data," as well as the fact that "ATSI seemingly had no problem with having the Computer examined by Plaintiffs' expert or allowing others to access it for purposes of the bankruptcy." (*Id.* at 26-27). The Bankruptcy Court concluded that "[t]he evidence shows that ATSI was only concerned with its own data on the Computer and never asked [Regan] to wipe it." (*Id.* at 27). The Bankruptcy Court also considered Regan's deposition testimony that his father, Patrick Regan, a principal of ATSI, asked him to wipe the hard drive and drove him to the Apple store to do so, but found that, even if this were true, "it would not constitute a valid excuse to [Regan's] actions." (*Id.*). The Bankruptcy Court ultimately found that none of Regan's proffered explanations could excuse his decision to wipe the Computer, as Regan "was obligated to abide by the court's order regardless of his father's, his employer's or his personal wishes." (*Id.*).

The Bankruptcy Court further found that, not only had the Computer's hard drive been wiped, but it had also been physically removed while in Regan's possession, custody and control. (*Id.* at 25-26). The Bankruptcy Court considered emails from Regan and his counsel, which admitted that the Computer had been wiped but denied that the hard drive had been removed. (*Id.* at 22). However, the Bankruptcy Court ultimately drew its conclusion based on sworn statements by the Hons' counsel that, upon examining the Computer after Regan had delivered it to the Hons' counsel, a retained expert "was unable to access any data and instead saw a message that the Computer could not find a bootable operating system," and that a second expert "physically removed the Computer screen" and "discovered an empty space where the hard drive was supposed to be, which indicated that it had been removed." (*Id.* at 21-22).

6

Based on the foregoing factual findings, the Bankruptcy Court found that the "proof that [Regan] intentionally wiped the Computer is clear and convincing." (*Id.* at 27). The Bankruptcy Court held Regan in civil contempt for violating the December 13 Order, and found that "sanctions under Fed. R. Civ. P. 37(e)(2) are appropriate because [Regan] acted intentionally when he wiped and removed the Computer's hard drive in order to deprive [the Hons'] expert the opportunity to examine it." (*Id.* at 27-28). The Bankruptcy Court declined to strike Regan's answer or grant a default judgment denying him a discharge, but instead drew the following adverse inferences, both of which the Bankruptcy Court found were also consistent with the record as a whole: (i) the Computer did not contain any additional evidence that the money given to Regan by the Hons was a gift and not a loan, and (ii) the Computer did not contain information to support the existence of a safe containing $25,000.00 in Regan's home. (*Id.* at 28-31). The Bankruptcy Court declined to draw a third adverse inference that "the Computer did not contain other relevant financial information pertaining to [Regan's] financial condition," finding this third inference inconsistent with the record since, "[f]rom access to the Computer granted to the Trustee, it was established that [Regan's] tax returns—which are clearly relevant and indicative of [Regan's] financial condition—were on the Computer." (*Id.* at 29). The Bankruptcy Court also awarded the Hons $13,067.99 in compensatory damages for attorneys' fees and costs related to the spoliation and contempt litigation, which were "incurred as a direct result of [Regan's] actions." (*Id.* at 31-32).

### III.    DISCUSSION

#### A.    Regan's Preliminary Arguments

As a preliminary matter, in his opening brief, Regan argues that this Court lacks jurisdiction over this appeal because of Regan's ongoing attempts to bypass this Court's review

7

and appeal directly to the Second Circuit. (Dkt. No. 59, at 6-9). As this Court has now explained several times, Regan's frivolous attempts to pursue a premature appeal to the Second Circuit do not strip this Court of jurisdiction over this appeal, which is properly pending before it. (Dkt. No. 51, at 6, n.4; Dkt. No. 53; Dkt. No. 56, at 2, 4).[1] Moreover, the Second Circuit has now dismissed Regan's appeals after "determin[ing] sua sponte that it lacks jurisdiction over [Regan's] appeals because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291 and neither the bankruptcy court nor the district court certified a direct appeal as contemplated by 28 U.S.C. § 158(d)." (Dkt. No. 63 (citing *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008); *Webert v. United States*, 484 F.3d 154, 157 (2d Cir. 2007)). Regan's appeal is properly before this Court.

Regan also reiterates his requests for "emergency assignment of pro bono counsel," (Dkt. No. 59, at 18-22), repeating arguments that mirror those he has made in his multiple prior requests for the appointment of counsel, (Dkt. Nos. 7, 8, 22, 30, 54, 55, 58). This Court has already carefully considered and rejected these same arguments twice, (Dkt. Nos. 26, 33), and Chief Judge Suddaby has also done so twice in response to Regan's letter requests for his intervention, (Dkt. Nos. 57, 61). Regan has presented no basis for the Court to reconsider its prior decisions declining to appoint pro bono counsel to represent him in this appeal,[2] and therefore the Court adheres to those decisions.

---

[1] To the extent Regan continues to rely on his compliance with this Court's September 2, 2020 text order directing him to follow Fed. R. Bank. Pr. 8006 (Dkt. No. 5, at 1), the Court has repeatedly explained that its reference to Rule 8006 in that order was a clerical error; that the order was intended to direct compliance with Fed. R. of Bank. Pr. 8009(a)(1)(A); that, following Regan's timely compliance with Rule 8006, the Court recognized this clerical error and construed Regan's designation of the appellate record pursuant to Rule 8006 as a designation of the appellate record pursuant to Rule 8009, thus allowing his appeal to move forward in this Court; and that a direct appeal to the Second Circuit is inappropriate at this time. (Dkt. No. 27; Dkt. No. 33, at 4-5).

[2] To the extent Regan's request may be liberally construed as a proper motion for reconsideration, that motion is denied, as Regan has not shown that his request is justified by any of the three grounds on which such a motion may be granted: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y.

B.     **Appellate Jurisdiction**

The Hons argue that the Contempt Order is a non-final order over which this Court lacks appellate jurisdiction. (Dkt. No. 65, at 9-10). District courts' jurisdiction to hear appeals of bankruptcy courts' orders is governed by 28 U.S.C. § 158(a). Under this provision, "[f]or appeals 'of right' a district court only has jurisdiction to hear appeals from 'final judgments, orders, and decrees'" entered by a bankruptcy court. *Sapere Wealth Mgmt. LLC v. MF Global Holdings Ltd.*, 546 F. App'x 56, 57 n.2 (2d Cir. 2013) (quoting *In re The Bennett Funding Grp., Inc.,* 439 F.3d 155, 159-60 (2d Cir. 2006) (quoting 28 U.S.C. § 158(a)(1))). "[I]n the bankruptcy context, the standard for finality is more flexible than in other civil litigation," in that it is "viewed functionally, focusing on pragmatic considerations rather than on technicalities." *In re Lehman Bros. Holdings Inc.,* 697 F.3d 74, 77 (2d Cir. 2012); *see also In re Chateaugay Corp.,* 922 F.2d 86, 90 (2d Cir. 1990). While, in general, an order is final if it "finally dispose[s] of discrete disputes within the larger case," *In re Quigley Co., Inc.*, 676 F.3d 45, 51 (2d Cir. 2012), there is no "bright-line or talismanic test by which . . . to assess the finality of a bankruptcy court determination," *In re Premier Operations, Ltd.*, 290 B.R. 33, 42 (S.D.N.Y. 2003).

The Hons rely on *In re Soundview Elite, Ltd.*, No. 15-cv-5666, 2016 WL 1178778, 2016 U.S. Dist. LEXIS 38494 (S.D.N.Y. Mar. 23, 2016), in which the court explained that "[c]ivil contempt orders against parties to an action are non-final orders" which "cannot be immediately appealed absent leave from the court," and held that "[t]his Court lacks jurisdiction over [the aggrieved party's] appeal, as final judgment has not yet been entered in the underlying adversary proceeding and leave to file an interlocutory appeal has been neither requested nor granted." *Id.*

---

2014) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007).

9

at *8, 2016 U.S. Dist. LEXIS 38494, at *24-25. In reaching this conclusion, the *Soundview* court relied on *OSRecovery, Inc. v. One Groupe Intern., Inc.*, 462 F.3d 87 (2d Cir. 2006), in which, interpreting 28 U.S.C. § 1291—a different provision which establishes appellate courts' authority to review district courts' orders—the Second Circuit explained that "[i]n general, an order of civil contempt [against a party to an action] is not 'final' within the meaning of Section 1291 but is interlocutory and therefore may not be appealed until the entry of a final judgment in the underlying litigation." *Id.* at 92. Other courts addressing appeals from civil contempt orders issued by bankruptcy courts have relied on the Second Circuit's case law interpreting § 1291 and reached similar conclusions. *In re Reifler*, No. 18-cv-2559, 2018 WL 3212464, at *2-4, 2018 U.S. Dist. LEXIS 108698, at *4-9 (S.D.N.Y. Jun 28, 2018) (finding that a bankruptcy court's order holding the appellant in contempt for failure to comply with a discovery order and directing him to pay the appellees' costs and attorneys' fees incurred in connection with their contempt motion was a civil contempt order that "may not be appealed until the entry of a final judgment in the underlying litigation" (quoting *OSRecovery*, 462 F.3d at 92)); *Livecchi v. Gordon*, 513 B.R. 209, 213 n.1 (W.D.N.Y. 2014) (observing that a bankruptcy court's order holding the debtor in civil contempt and imposing sanctions for each day the debtor continued to fail to comply was a civil contempt order, and that therefore the debtor "was required to request leave to file this interlocutory appeal"). Here, too, the Court finds that the Contempt Order, as a civil contempt order against a party to the Adversary Proceeding, is a nonfinal order and is not appealable as of right.

Even where a Bankruptcy Court order is non-final, 28 U.S.C. § 158(a)(3) permits District Courts to exercise jurisdiction over an interlocutory appeal if: "(1) 'such order involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of

opinion' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012) (quoting 28 U.S.C. § 1292(b)). However, even construing Plaintiff's notice of appeal liberally as a motion for leave to file an interlocutory appeal, the Court finds that the Contempt Order—which involved straightforward factual findings and application of the relevant contempt standard, rather than any complex or novel legal issues warranting immediate appellate review—does not meet the foregoing criteria. Therefore, the Court finds that it lacks jurisdiction over this appeal.

### C. Merits

The Court notes that, even if its jurisdictional determination was in error, the ultimate outcome would not change, because the Court would affirm the Contempt Order and dismiss Regan's appeal on the merits. Regan does not dispute that, before shipping the Computer to the Hons' counsel as required by the December 13 Order, he brought it to the Apple Store and had the hard drive wiped. (Dkt. No. 59, at 18). In finding that Regan also removed the hard drive, the Bankruptcy Court relied on the Hons' counsel's sworn affidavit affirming that two forensic experts examined the Computer and found the hard drive missing.[3] (Dkt. No. 4, at 21-22). The Bankruptcy Court correctly applied the Second Circuit law providing that "a contempt order is warranted only where the party has notice of the order, the order is clear and unambiguous, and the proof of noncompliance is clear and convincing." *In re Gravel*, Nos. 20-1-bk, 20-2-bk, 20-3-bk, 2021 WL 3277211, at *5 (2d Cir. Aug. 2, 2021) (citing *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) & *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 789 F.3d 29, 33

---

[3] To the extent Regan argues that the receipt from the Apple store documenting the wipe contradicts the Bankruptcy Court's finding, the Court rejects that argument. The receipt simply describes the state of the Computer at the time it left the Apple store; it says nothing about what happened to the Computer between that time and the time Regan shipped it to the Hons' counsel.

11

(2d Cir. 2015)). In doing so, the Bankruptcy Court considered the fact that the December 13 Order did not literally warn Regan not to wipe or remove the hard drive before turning it over to the Hons' counsel, but nonetheless held Regan in contempt, explaining (with citations to legal authority) that "where a litigant is ordered to produce a computer for examination and they wipe the computer before its production, such conduct violates the court's order," and that "[a] party may not avoid compliance of an order through a 'hypertechnical' reading of a court order." (*Id.* at 11-12). Finally, the Bankruptcy Court considered Regan's argument that a third-party forensics firm had a back-up copy of the Computer's hard drive, and found that "[i]t would serve no purpose to reopen discovery at this late date" and that "[e]ven if the hard drive copied by ATSI could be produced, ATSI's counsel stated that the information on the copy was inaccessible." (Dkt. No. 4, at 26). The Court finds the Bankruptcy Court's legal conclusions to be sound and well-reasoned, finds no clear error in the Bankruptcy Court's factual findings, and finds no abuse of discretion in its decision with respect to sanctions.

Regan's appeal rests largely on premises that are irrelevant or tangential, including his contention that the Hons themselves committed spoliation and changed passwords on the Computer when they possessed it prior to June 2019; his frustration with the Bankruptcy Court's decision to credit the Hons' counsel's affidavit affirming that two forensic experts had examined the Computer and found the hard drive missing; various minor and immaterial factual disputes regarding events unrelated to the Bankruptcy Court's decision to hold Regan in contempt for violation of the December 13 Order; and largely conclusory allegations of fraud, misconduct, improper influence, criminal activity, conspiracy and the denial of due process aimed at the Hons, their counsel, the Trustee and various other court officers. Construed liberally, none of these arguments present a basis for finding the type of clear error necessary to overturn the

Bankruptcy Court's finding that Regan violated the December 13 Order, or to find an abuse of discretion in its decision to impose sanctions for that violation. To the extent many of Regan's arguments touch on issues unrelated to his decision to wipe the Computer and remove its hard drive in violation of the December 13 Order, this appeal is not the proper forum for wide-ranging litigation of all of Regan's various grievances.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Regan's appeal is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve this Order in accordance with the Local Rules; and it is further

**ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: August 13, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge